UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:18-cr-180-TAV-HBG-1 ) |
| ROBERT STONE RICHARDSON, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's pro se motion for early termination of supervised release [Doc. 65]. On May 30, 2019, defendant pleaded guilty to Counts One and Two of the indictment in Case Number 3:18-CR-180, charging him with making a false statement in an application of a passport, in violation of 18 U.S.C. § 1542, and aggravated identity theft, in violation of 18 U.S.C. § 1028(A), respectively [Docs. 14, 28]. Defendant also pleaded guilty to a one-count information in Case Number 3:19-CR-44, charging him with misuse of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) [*Id.*] Thereafter, the Court sentenced defendant to 48 month's imprisonment, followed by a term of supervised release of 3 years [Docs. 45, 47].

On February 16, 2024, defendant filed a motion asking the Court to prematurely terminate his supervised release [Doc. 65].[1] In support, defendant states that he believes he completed all the terms of conditions of his supervised release term and has demonstrated

---

[1] Defendant has requested an "early release from probation" [Doc. 65]. However, this Court imposed on defendant a 3-year term of supervised release [Doc. 45]. As a result, the Court construes defendant's motion as asking for early termination of supervised release.

"personal growth and positive changes" [*Id.*]. He reports that he has passed all his drug tests, met with his probation officer, and has not broken any laws. He asserts he has done volunteer work at the Salvation Army Headquarters, and notes that he is 74 years old and would like to relocate.

The United States Probation Office (the "USPO") states that as of February 2024, defendant has completed half of his 5-year term of supervised release. The USPO further states that defendant does not have stable housing but receives social security benefits. While she notes that his attitude toward supervision has been "poor," the probation officer reports that defendant has maintained compliance with his supervised release term, has had no positive drug screens, and has not incurred any new convictions or technical violations. As a result, the USPO states that it does not have any objection to defendant's request for early termination of supervised release.

However, the government opposes defendant's request for early termination. Based on defendant's conduct in the underlying offense, the government does not believe that early termination of defendant's supervised release is warranted.

Title 18, § 3583(e)(1) of the United States Code provides as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as

2

exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (internal quotation marks and alterations omitted). Indeed "[i]f 'unblemished' postrelease conduct warranted termination of supervised release, then the exception would swallow the rule, i.e., diligent service of the full period of supervised release imposed at sentencing." *Id.* (internal quotation marks omitted).

After carefully considering the requirements of the statute, the Court finds that the relevant provisions of 18 U.S.C. § 3553(a) do not support early termination of defendant's supervised release at this time. Defendant's request for early termination is based on his compliance with the conditions of his supervised release, including passing required drug screens and his compliance with the law. However, such conduct is expected of defendants on supervised release, and defendant has not otherwise demonstrated that terminating his supervised release is warranted by his conduct or is in the interest of justice at this time.

Accordingly, the Court is not "satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1), and hereby **DENIES** defendant's motion [Doc. 65].

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE